Angelina Damitas ECHEVERRIA–
RUIZ, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–72918.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 15, 2006.

Angelina Damitas Echeverria–Ruiz, Los
Angeles, CA, pro se.

CAC—District Counsel, Esq., Office of
the District Counsel, Department of
Homeland Security, Los Angeles, CA,
Ronald E. LeFevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
Mark C. Walters, Esq., R. Lynne Harris,
U.S. Department of Justice, Civil Div./Of-
fice of Immigration Lit., Washington, D.C.,
for Respondent.

Before: CANBY, BEEZER and
KOZINSKI, Circuit Judges.

MEMORANDUM **

Angelina Damitas Echeverria–Ruiz, a
native and citizen of Guatemala, petitions
pro se for review of the Board of Immigra-
tion Appeals' ("BIA") order dismissing her
appeal from an immigration judge's order
denying her applications for asylum, with-
holding of removal, and relief under the
Convention Against Torture ("CAT"). To
the extent we have jurisdiction, it is con-
ferred by 8 U.S.C. § 1252. We review for
substantial evidence the BIA's factual de-
terminations, *Hakeem v. INS,* 273 F.3d
812, 816 (9th Cir.2001), and review de novo
due process claims, *Colmenar v. INS,* 210
F.3d 967, 971 (9th Cir.2000). We deny in
part and dismiss in part the petition for
review.

Substantial evidence supports the BIA's
denial of Echeverria–Ruiz's application for
withholding of removal because she failed
to establish that the guerrillas targeted
her because of her political opinion or any
other statutorily protected ground. *See
Sangha v. INS,* 103 F.3d 1482, 1490–91
(9th Cir.1997) (holding that persecution by
militants for purpose of recruitment does
not establish a nexus to a protected
ground). Furthermore, the record does
not compel a finding that it is "more likely
than not" that the government would per-
secute her upon return to Guatemala. *See
Hakeem,* 273 F.3d at 816.

Echeverria–Ruiz's due process claim
fails, because even if the corroborating
declaration were given full weight, it would
merely confirm rather than add to other
evidence in the record, and Echeverria–
Ruiz would still be unable to establish
entitlement to withholding of removal.
*See Halaim v. INS,* 358 F.3d 1128, 1136
(9th Cir.2004) (holding petitioner must
show prejudice to prevail on due process
claim).

Echeverria–Ruiz did not raise, and
therefore waives, her claim for relief under
the CAT. *See Martinez–Serrano v. INS,*

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

**610**

94 F.3d 1256, 1259 (9th Cir.1996). To the extent she challenges the denial of her asylum application, we lack jurisdiction to review the BIA's untimeliness determination. *See Hakeem,* 273 F.3d at 815; *Ramadan v. Gonzales,* 427 F.3d 1218, 1221 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.